Good morning, Your Honor. Moises Tabeliz on behalf of the appellant. Your Honor, this is a police misconduct civil rights case involving a Hispanic, non-immigrant male who was wrongfully investigated by the police, assaulted, battered, hospitalized, and incarcerated on an investigation involving homicide to which the appellant was not a participant. The results of such governmental misconduct, the consequences were that my client, the appellant, was falsely imprisoned, sustained medical injury, charges brought on other grounds to cover the original investigation. My client was put in removal proceedings initiated by the Department and parole right now. This matter was disposed by the district court via 12B6 motion, which was granted without, with prejudice. Now, without looking at the substantive nature of the causes of action, the substantive natures of the allegations, it was solely granted on procedural grounds. Appellant did not choose to litigate in district court. The original action was filed in state court, San Bernardino Superior Court. The defendants had the right to remove the action to federal court based on federal question grounds, and obviously that's usually done, but it was not the intent of the appellant to litigate this matter in  You're stuck with that. Now you're stuck with the federal rules of civil procedure. You assert, sir, that the filing of the second amending complaint moots the motion to dismiss that was filed by the defendant. Do you have any authority for that proposition? I think the problem stemmed from the fact that appellant, on behalf of me and defense counsel, when the case was removed to district court, would enter into a stipulation. Yes, sir, I understand about all that. I understand about the first amending complaint being filed pursuant to the stipulation, but then you assert in your brief that the filing of the second amending complaint mooted the motion to dismiss. In other words, that if the court would have properly accepted, according to you, the second amending complaint, then the motion would not have been granted, that it mooted it somehow. And that's the conclusion you state in your brief. Correct. Do you have any authority for that proposition? Well, the federal rules 15 allows an amendment to be made to the complaint as a matter of right. But what does that do to the motion to dismiss that was pending? It would definitely, the filing of a complaint would moot the motion. Why? Because rule 15 gives leave as a matter of right to file a complaint. Mr. Aviles, is it your position that the filing of the second amending complaint made the motion to dismiss toward the first amending complaint moot because there hadn't been a motion to dismiss as to the second amending complaint? Correct. All right, so then what is the difference? What is, can you point to any material difference in the facts or the claims between the first amending complaint and the second amending complaint? We were trying to fix whatever issues were brought in the motion to dismiss. I don't find it when I look at the second amending complaint. Can you point to the second amending complaint and show me any material difference in what you filed? Not at this moment, Your Honor, but my client should have the right to do that. I mean, just because this motion, I mean, the district court could have looked at the substantive nature of the first amending complaint and look at the substance of the allegations, but they didn't procedurally. Did they have an affirmative duty to look at the substance of the complaints before dismissing it, assuming that everything had been, not ignoring the issue of the amendment? Did the trial court have a duty to look at the merits of the claim before dismissing the complaint when you had failed to file an opposition? I believe it did, based on the fact of their decision to grant the 1286 motion with prejudice, because it's such a drastic consequence of the court to the merits of the lawsuit. At a minimum, they couldn't look at the allegations of the first amending complaint. And if there were problems, they could have granted the motion with leave to amend or without prejudice. But there is no mention in the court. Do you argue that in your brief? I believe so. In the nature of the brief, I believe so. I mean, if you look at the order granting the motion to dismiss with prejudice, there's absolutely not one statement that states that the district court looked at the substance. It was basically all on procedural grounds. And I do believe that there were less restrictive drastic means that the court should have taken than granting the motion to dismiss with prejudice, not only as to the parties that the defense was dealing with in this case, but the court also took the liberty to dismiss parties that had not appeared in the case, to dismiss parties that had not answered. So the consequences of that decision are totally grave. I mean, there was no room to deal with this to allow meritorious claims to be litigated in the merits as is the policy of this court. My clients forever bar not only as to the defendants that were the subject of the 12B6 motion and the claims, but the court also bar private parties that had not appeared, that were not the subject of this 12B6 motion. What good would the second amending complaint have done? How does it change your claim? The only difference I can find, sir, is that there's one statement, a conclusory statement that the defendants were not entitled to qualified immunity, and then there's a statement that the car was within the curtilage of the driveway, and that's the, even though you'd alleged in the first amending complaint that it was in the driveway. That's the only two differences I could find between the two. You drop some complaints that you make in the first amending complaint and the second, but those are the only two substantive differences I can find. Well, this is not a situation with civil rights claims. You don't have to be specific like fraud claims. All you require is a notice of the claim. We're not dealing with the specificity of pleading actions, only notice to the other side of the claim if possible. But if the second one was no different than the first, what difference did it make? Well, had the district court looked at the first amending complaint and somehow mentioned that it had reviewed the substance of it in their decision, then I can understand the court's concern about it, but there was no review of the substance of the first amending complaint. It was all on procedural grounds. And, of course, he didn't review it because there was no response file to the motion to dismiss. But such a drastic move of dismissing it with prejudice, I think. What is it you want us to do? You want us to allow the filing of the second amended complaint? If possible. Okay. Well, all right. Well, if it's not possible, I think you're really in trouble. But you want us to allow the filing of the second amended complaint. The county of San Bernardino is going to do what? They're going to file the same motion to dismiss they just filed again, and now you'll have an opportunity to respond to that? So is the upshot of your argument that by filing the second amended complaint that you've just bought yourself some more time to respond to their motion to dismiss? If there's no difference between the first amended complaint and the second amended complaint, except for minor non-material matters, then they're just going to file the motion again, right? And now you'll respond to it? I mean, if possible, yes. But there could have been other. The court could have dismissed the case without prejudice. The court could have dismissed the federal case with prejudice and remanded the state claims to the state court and could have taken that avenue. But the court did not do that. There were state claims involved, and the court barred not only the federal claims, but it barred all the state claims. The court could have taken discretion to allow the state claims to be remanded to state court, which the court did not do. You have eight seconds remaining. Would you like to reserve that? Yes, Your Honor. Okay. Good morning. May it please the Court, Don Auster for the County of San Bernardino and other defendants, appellees. Let me see if I've got the calendar right. Ms. Flores? The motion to dismiss the first amended complaint was filed on May 22nd, 2013. You had already filed a stipulation allowing for the filing of an amended complaint. Not exactly, Your Honor. Yes, you had. Exactly. You had filed a stipulation allowing for the plaintiff to amend his complaint, right? The stipulation accounted for the dismissal of several defendants, and the reference in the second paragraph of the stipulation, the intent of that was to allow plaintiff to amend according to the dismissal. The original complaint that was on file was about 50 pages long, and it would have been impossible for the county to have been able to extract and apply any meaning to the amended complaint had the court not allowed plaintiff to clarify in view of the dismissal of those defendants. Looking back on it now, it is a little bit sort of open-ended with the language that's used, but that was certainly part of it. You stipulated the plaintiff shall have 20 days from the date the court executes its order allowing plaintiff to amend his complaint, and the court changed that to 10 days, right? Yes, Your Honor. So you consented to the filing of an amendment to the plaintiff's complaint, pursuant to Rule 15, which is perfectly proper and gives him the right to amend his complaint. He did so with his first amended complaint. You made a motion to dismiss that first amended complaint. Within 21 days of you filing that opposition, which is an opposition to the plaintiff's pleading under Rule 15, he filed a second amended complaint as of course, right? Right. What's wrong with that? He may have seen something in your opposition which he said, The defendant's right. I better file a second amended complaint. And he files a second amended complaint. When a second amended complaint is filed, it eliminates the first amended complaint because it supersedes it, right? True. So tell me why the judge wasn't wrong in saying that he couldn't amend as of course in filing the second amended complaint. Examining Rule 15, there is a very unique situation that arose. Don't say very unique. That's a tautology. It's either unique or not unique. It can't be very unique. All right. There was a unique situation which arose, which is there was a nine-day period between the time that plaintiff would have had to have filed an opposition to the motion to dismiss and the 21 days. He failed to file an opposition. To file an opposition. And the court rightly interpreted that as a failure to prosecute in accord with Local Rule 7-12. The court had the opportunity to consider that failure. Can the local rules deprive him of a right that's granted by the federal rules? It is not in contravention of the federal rules. Well, he can file a pleading as a matter of course. Within a certain amount of time under Rule 15. All that the local rule says is that you are required to file an opposition. That is not in contravention. It is not in dereliction or it is not a bump up against the federal rule. The two can exist simultaneously. But before the court made any determination whatsoever with a hearing date of June 24th. And there was no determination before that date. On June 12th, 2013, he files a Second Amendment complaint. Before there is any ruling. The Second Amendment complaint supersedes the First Amendment complaint which you are challenging under 12b-6. And then the court says, oh no, you failed to prosecute. And dismisses it without any examination of any of the Henderson factors. So, I don't see that the Second Amendment complaint is attacked by a motion in opposition to the First Amendment complaint. Do you? Well, I couldn't have, Your Honor. You couldn't have, of course you couldn't. The district court dismissed it. It was rejected. The filing was rejected. So, that couldn't have happened. The filing. The clerk rejected the filing of the Second Amendment complaint? Indeed. Indeed. On what grounds? To get approval. Pardon me, Your Honor. Go ahead. You know, it isn't entirely clear. But there was a document that was entitled a notice of document regarding discrepancies. It's in the record at 232. And the document was not filed but was instead rejected and is ordered returned to counsel. It's more of a pro forma document. Your Honors, if I might. Are there any grounds on which the clerk could have rejected it? What are the grounds? It can't be because of the local rule. Presumably it has something to do with Rule 15. So, what is it in Rule 15 that authorized the clerk to reject it? The clerk checks no leave to amend complaint on court docket. Okay. All right. So, that takes us to 15A. So, what is it in 15A that authorized the clerk to do that? Its court had already determined that the stipulation was as a matter of course. Was the one right to amend. But there are three different ways that somebody can file a second complaint. One is as a matter of course. One is with a stipulation. And one is with the court's leave. He files the first amended complaint with your stipulation. Correct. And the second one he gets to file as a matter of course. So, what's the problem? If in fact the stipulation is not viewed as a matter of course, as his one right. Well, it's either a stipulation because you agreed to it, which seems perfectly logical. Or it was with the court's leave, which is also a possibility since the court approved it. But that still leaves a one as a matter of course. You say that the clerk decided that a signed stipulation by the judge allowing an amendment. And a stipulation by you consenting to the amendment was none of those two but was the exercise of an of course amendment. Yes, Your Honor. Don't you think that is wrong as wrong can be? Clearly I don't. Why? Clearly I don't. Your Honor, the defense is entitled to have some finality. Why wouldn't? That argument won't get you very far down the line. If you have a case that tells me that the signature of a consent to file a pleading and consent by the opposing party is interpreted under Rule 15 as the exercise by the plaintiff of his of course amendment, I'll listen to you. But if you find that, you are a very good searcher. I was surprised. There is very, very, very little law. No, there is some law in district courts that seeking a leave to amend is a waiver of the of course right. Correct. That was a case back in 1947 in Tennessee. Yes, Your Honor. That hasn't happened since. There are a couple of other district court cases in the year 2008, 1997, which hold just the opposite. The court, the rule itself, 15A, doesn't say you have to exercise your leave, pardon me, your right to amend by leave, your right to amend by consent, your right to amend as of course in any particular order. You can do one or the other. You can get a consent first, and you can get a leave next, and you can get of course as a third way to amend. Unless you tell me there's a Ninth Circuit court case saying you can't do that, pal, I want to hear about it. Not one way or the other. There were the district court cases for others. So we'd have to make law on that, right? It's possible, yes, Your Honor. May I point to the court that the argument that was raised by appellant was that the court should have examined the merits as between the First Amendment complaint and the Second Amendment complaint. No, I think what he was saying was the court should have considered the Henderson factors before making an order denying with prejudice. That's something quite different. But the manner by which one does that. And it didn't. And the court just said, no, no, you've already used your of course. But the reason why the district court didn't do it is because it was never placed on notice. It was supposed to do it. Plaintiff did not file. It seems to me that a careful practitioner at the time of the opposition to the motion to dismiss would have alerted the court or counsel and said, I intend to file. I don't intend to waive my right to oppose this motion. I intend to file an amended complaint. Why? Because that was the local rule. All you've got to do is to file an amended complaint within the time permissible under 21 days. But then there would be a whole period of nine days as there was in this case where nobody knows what's going on. The court doesn't know that the court could have reasonably interpreted the failure to file an opposition. The court had a hearing on June 24th and could have ruled on June 24th. That was official to the court. But prior to that time, the court could have reasonably determined that the failure to oppose the motion to dismiss represented a failure to prosecute. But it didn't before he filed a second amendment complaint. A reasonable practitioner also would have filed in connection with a second amendment complaint a motion for leave to amend. Something that would have alerted the court. You need to examine the differences between these two complaints. And as Your Honor had pointed out, there is very little difference between the two. And so from a practical perspective, we're back at square one. Of course, if it goes back to the district court, I will file a motion to dismiss. And there you go. But that could have happened. That was ready to happen at the time that the first amendment complaint was on the table. Just think of that. You get another chance, Ms. Flores. I didn't need another chance. Thank you, Your Honor. I think my time is up if the court wishes to further. I don't think so. Thank you very much. All right, Ms. Raviles, I'm going to afford you one minute. Thank you, Your Honor. And just to clarify, Your Honor, the second amendment complaint was filed before the date set for the hearing to the motion to dismiss. It was filed before any decision or any judgments were made. If somehow a reasonable practitioner should have given notice to the court or opposing counsel, and I failed to do that of my intent to file a second amendment complaint, that's a tactical issue. I think it's excusable under 60B. And on those grounds, I would ask the court to consider that request in the appeal. Okay. Thank both counsel for the argument. The case is ordered 60A.
judges: Foote, Bybee, Bea